**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **ORTIZ & ASSOCIATES CONSULTING, LLC,** | § § § | |
| *Plaintiff,* | § § § | **CASE NO. 7:25-CV-00033-DC-DTG** |
| *v.* | § § § | |
| **MACY'S, INC.,** | § § § | |
| *Defendant,* | § | |

**REPORT AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

**TO:    THE HONORABLE DAVID COUNTS,
UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P.  72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the defendant Macy's Inc.'s Motion to Dismiss. Dkt. No. 13. After careful consideration of the briefs, arguments of counsel, and the applicable law, the Court **RECOMMENDS** that the Motion be **GRANTED** and that the plaintiff's request for leave to amend also be **GRANTED.**

## I.    BACKGROUND

The plaintiff, Ortiz & Associates Consulting, Inc. brought this patent infringement suit against the defendant, Macy's Inc. Dkt. No. 1. The Original Complaint accuses the defendant of infringing United States Patent No. 9,549,285. *Id*. ¶ 6. As stated by the plaintiff, the '285 patent relates to "systems, methods and apparatus for providing data, such as documents and video, to data rendering devices (DRDs) including networked printers capable of printing documents and

multimedia devices (e.g., televisions, video monitors, and projectors) capable of displaying video data at the request of wireless devices." *Id.* ¶ 7.

The defendant, Macy's Inc., moved to dismiss the plaintiff's original complaint. Dkt. No. 13. The defendant contends that the Original Complaint fails to plead a plausible claim for direct infringement. *Id.* at 1. The defendant also contends that since the '285 patent expired before suit was filed and since the plaintiff failed to properly plead compliance with the marking statute, the plaintiff is precluded from recovering any damages. *Id*. at 1-2. In support of its argument about marking, the defendant points to a decision out of the Northern District of Texas. *Id*. at 2 (citing *Ortiz & Assocs. Consulting, LLC v. Vizio, Inc.*, No. 3:23-CV-00791-N, 2023 U.S. Dist. LEXIS 195903 (N.D. Tex. Nov. 1, 2023)).

## II.   LEGAL STANDARD

To survive the defendant's motion to dismiss under Rule 12(b)(6), the plaintiff's complaint needs to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff meets this standard if the facts as plead allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The plaintiff is not required to prove its case at the pleading stage. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal citations omitted). This flexible standard requires the plaintiff to provide notice of what it is accusing of infringement. *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) (Patent infringement claims "are subject to the pleading standards

established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662.)[1] When deciding this motion, the Court takes all well-pleaded facts as true and views them in the light most favorable to the plaintiff. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012).

The patent statute also places a burden on the patent owner to mark his good or provide notice to potential infringers. 35 U.S.C. § 287(a). Failure to satisfy the marking requirement limits the damages available to a patent owner. *See Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017). The marking requirement applies equally to licensees who make products under the patent. *Id*. at 1366. The burden of pleading and proving compliance with the marking statute falls on the plaintiff. *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996). There are, however, exceptions to the marking requirement when neither the patent owner nor licensees make any patented articles. *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020).

## III.   ANALYSIS

The defendant contends that the Original Complaint fails to meet the standard under *Iqbal* and *Twombly*. Dkt. No. 13 at 6. The defendant contends that the Original Complaint and the claim chart attached to it fail to identify what the plaintiff contends is the server as required by claim 1. *Id*. at 6-7. The defendant also contends that the plaintiff fails to identify anything that would satisfy the requirement of receiving data "for rendering of the data at the at least one DRD." *Id.* at 8. Finally, the defendant contends that the plaintiff failed to identify any memory accessible by the DRD "for securely storing data received by or on behalf of said [Wireless

---

[1] Before December 1, 2015, when Fed. R. Civ. P. 84 and Form 18 were abrogated, "Form 18 in the Appendix of Forms provided a form adequate to plead a direct infringement patent claim." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012)). Now that Form 18 has been eliminated, the pleading standard for direct infringement is governed by *Twombly* and *Iqbal*. *See Golden*, 819 F. App'x at 930-31.

Device].” *Id.* at 8. The defendant also notes that the limited infringement allegations in the Original Complaint contain nonsensical or irrelevant statements. *Id*. at 9 (citing references to nike.com, renting equipment, security protection, and method claims). The defendant makes the alternative argument that the plaintiff failed to adequately plead satisfaction of the marking requirements, and as the patent expired before suit was filed, such failure justifies dismissal of the Original Complaint. *Id*. 9-12.

The plaintiff opposes the defendant's motion, and in a nine-page response, spends four of its five pages of argument contesting the marking allegations. Dkt. No. 15 at 4-7. First the plaintiff contends that it is not required to mark because it does not make anything. *Id*. at 4. The plaintiff also contends that none of its licensees—or settling defendants—need to mark because none of them were admitted or adjudicated infringers. *Id*. Plaintiff also contends that marking is a fact question and that discovery will confirm that it made reasonable efforts to ensure that its licensees comply with the marking statute. *Id*. at 4 (citing *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) and *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.,* 876 F.3d 1350, 1366 (Fed. Cir. 2017)). The plaintiff further contends that it was the defendant's obligation to identify and prove that licensee products needed to be marked and that has not happened at the pleading stage. *Id*. at 5-6 n.4 & n.5 (citing *REALTIME DATA, LLC, Plaintiff, v. ACTIAN CORPORATION ET AL., Defendants. Additional Party Names: Blue Coat Sys., Inc., F5 Networks, Inc., Riverbed Tech., Inc.*, No. 6:15-CV-463 RWS-JDL, 2017 WL 11662033, at \*2 (E.D. Tex. Apr. 4, 2017); *Solas Oled Ltd. v. Samsung Elecs. Co.*, No. 2:21-CV-105-JRG-RSP, 2022 WL 1912873, at \*2 (E.D. Tex. May 30, 2022)). Finally, as to marking, the plaintiff contends that the settlement agreements were all executed to avoid litigation—not because any product practices the patents. *Id*. at 7. In the short portion of its response that addresses direct

infringement, the plaintiff simply contends that the Original Complaint and attached claim chart satisfy the pleading requirements because they identify the allegedly infringing product. *Id.* at 8. The plaintiff concludes with a request to amend the complaint. *Id.* at 9.

The Court is persuaded that the defendant's motion should be **GRANTED**. As noted in the defendant's reply, the plaintiff wholly failed to address the deficiencies that the defendant identified in the infringement allegations. Dkt. No. 16 at 2-4. The Original Complaint contains nonsensical references to method claims, nike.com, and equipment rental. Dkt. No. 1 ¶ 10. These allegations create confusion as to what is being accused of infringement. The claim chart attached to the Original Complaint also fails to identify how the defendant is accused of meeting several claim elements, including the server, rendered data, or memory. These pleading deficiencies prevent the Original Complaint from plausibly stating a claim for direct infringement and justify **GRANTING** the motion.

The Court finds, however, that the plaintiff has sufficiently plead facts to meet its pleading obligation for marking. *See Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) (stating that the plaintiff has the burden of pleading compliance with the marking requirement). The plaintiff affirmatively pleads that it is a non-practicing entity and has never made a product. Dkt. No. 1 ¶ 11. It further pleads that none of the settling parties produced products under the patent. *Id.* ¶ 12. While the plaintiff's response disturbingly implies that its settlements were only to avoid "high litigation costs," that does not eliminate the factual allegation that there are no products requiring marking. While these prior settlements might create problems for the plaintiff at a later stage of the case, the Court is persuaded that the Original Complaint sufficiently addresses marking at the pleading stage and declines to follow

the approach of the Northern District of Texas. *Contra Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. Case No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023).

While the undersigned recommends granting the defendant's motion, the plaintiff should be given an opportunity to amend its complaint. The plaintiff's response requests leave to amend, and the plaintiff has never previously amended its complaint. The current scheduling order sets the deadline for amending pleadings on July 24, 2026. Dkt. No. 21 at 3. Given that the request was made well in advance of the pleading deadline and given the liberal pleading standard (Fed. R. Civ. P. 15(a)(2)), the undersigned also recommends **GRANTING** the plaintiff's request for leave to amend and ordering the plaintiff to file an amended complaint within fourteen (14) days of an order adopting this recommendation.

## IV.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant Macy's, Inc.'s Motion to Dismiss (Dkt. No. 13) be **GRANTED**, that the plaintiff's request for leave to amend also be **GRANTED**, and that the plaintiff be allowed to file an amended complaint within fourteen (14) days of an order adopting this recommendation.

## V.    OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 30th day of January, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE