# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

|  |  |  |
|---|---|---|
| **ORTIZ & ASSOCIATES CONSULTING, LLC,** | § | |
| *Plaintiff* | § | **MO:25-CV-00033-DC** |
| | § | |
| **v.** | § | |
| | § | |
| **MACY'S, INC.,** | § | |
| *Defendant* | § | |

## ORDER

BEFORE THE COURT is the report and recommendation ("R&R") of U.S. Magistrate Judge Derek T. Gilliland concerning Defendant Macy's, Inc.'s Motion to Dismiss.[1] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge issued his R&R on January 30, 2026.[2] Plaintiff Ortiz & Associates Consulting, LLC ("Ortiz") filed objections on February 12, 2026.[3]

Having considered the objections, the Court **OVERRULES** them and **ADOPTS** the R&R in full. Defendant's Motion to Dismiss is **GRANTED**. Additionally, Plaintiff's request for leave to amend its complaint is also **GRANTED**.

## LEGAL STANDARD

Title 28, United States Code, Section 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen

---

[1] Doc. 13.

[2] Doc. 26.

[3] Doc. 27.

days after being served with a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no objections are timely filed, the Court need only review the magistrate judge's report and recommendation for clear error.[4]

## **ANALYSIS**

The present case concerns a patent infringement suit against Macy's, Inc. arising from an alleged infringement of United States Patent No. 9,549,285. The '285 patent relates to "systems, methods and apparatus for providing data, such as documents and video, to data rendering devices (DRDs) including networked printers capable of printing documents and multimedia devices (e.g., televisions, video monitors, and projectors) capable of displaying video data at the request of wireless devices."[5] Macy's, Inc. moved to dismiss the complaint for failure to state a claim and Plaintiff's failure to comply with the marking statute.

Recommending that the motion to dismiss should be granted, the R&R found that the nonsensical factual allegations contained in the complaint created confusion as to what was being accused of infringement. Additionally, it announced that the complaint failed to establish how the Defendant is accused of meeting the claim elements concerning the server, rendered data, or memory. However, the Magistrate Judge was convinced that Plaintiff met its pleading burden as to marking. Based on these findings, the R&R recommends granting the motion but also granting the request for leave to file an amended complaint.

Plaintiff objects, arguing that the R&R erroneously applied a heightened pleading standard and dismissal is not appropriate, especially considering its recommendation to grant

---

[4] Fed. R. Civ. P. 72 advisory committee's note.
[5] Doc. 1.

leave to file an amended complaint. The Court **OVERRULES** the objections. The complaint must "state a claim to relief that is plausible on its face,"[6] but a plaintiff is not required to prove its case at the pleading stage.[7] In the patent context, this standard requires a plaintiff to provide notice of what it is accusing of infringement.[8] However, the complaint at issue falls short of this burden. As the R&R and Defendant identified, the complaint fails to explain how Macy's, Inc. is accused of meeting the claim elements pertaining to the server, rendered data, or memory. Additionally, Plaintiff's references to method claims, nike.com, and renting equipment convolute the clarity of the complaint. Such irrelevant statements indeed create confusion as to what is being accused of infringement. Therefore, the motion to dismiss should be granted. However, the Court concurs that leave to amend the complaint is appropriate considering Plaintiff has not previously amended its complaint and the request was made well before the amendment deadline.

## CONCLUSION

For the aforementioned reasons, the Court **ORDERS** that the R&R of the U.S. Magistrate Judge is **ADOPTED**.[9] Defendant Macy's, Inc.'s Motion to Dismiss is

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[7] *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal citations omitted).

[8] *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020).

[9] Doc. 26.

**GRANTED**[10] and Plaintiff's request for leave to file an amended complaint is also

**GRANTED**. The amended complaint must be filed within fourteen (14) days of this order.

It is so **ORDERED**.

SIGNED this 16th day of March, 2026.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[10] Doc. 13.